[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This limited contested dissolution matter came before the court with no agreements between the parties. The court heard only the parties and concludes that the marriage has broken down irretrievably.
The plaintiff shall have custody of the minor child and the defendant shall have rights of reasonable visitation, that reasonable visitation having been mediated with the Family Relations Office will be adopted by the court.
Child support shall be paid by the defendant father at the rate of $100, per week, collection of this amount to be via an immediate wage execution.
The parties shall retain the motor vehicles in their possession, with the plaintiff retaining the 1987 Chevy Blazer and the defendant the 1979 Chevy Blazer.
The parties presently own an undeveloped parcel containing 59 acres and an unfinished building which has been appraised at $35,000, to $39,000. The defendant contributed $13,000, toward the purchase and the mortgage prior to the marriage of the parties. The court also notes the defendant has paid no child support since the couple separated in February of 1990 and this fact would suggest a $5,000, credit in favor of the plaintiff.
In determining the distribution of the Maine real estate, the court has considered all of the provisions of Sec. 46b-81. In this case, the court finds the defendant's attitude and behavior to be the major cause of the breakdown of the marriage. The real property on Kenney Road in Brooks, Maine is ordered conveyed via CT Page 4371 the equivalent to a quit claim deed to the plaintiff.
The defendant is awarded the sum of $17,000, which represents an approximate one quarter interest in the above real property ($9,000), plus the sum of $8,000. This $8,000, represents his initial contribution of $13,000, (see above) less a $5,000, reduction for unpaid child support. The plaintiff shall pay this $17,000, in payments of not less than $5,666.66 at 6 month intervals commencing 6 months from this date.
ANTHONY V. DeMAYO, JUDGE